[L. A. No. 4137.   Department One.—April 15, 1918.]

## V. L. GERARDI, Respondent, v. KARL M. BONOFF et al., Appellants.

NEGLIGENCE—PERSONAL INJURIES FROM AUTOMOBILE—TRAFFIC ORDINANCE.—In an action for damages for personal injuries sustained by the plaintiff by being struck by defendants' automobile while plaintiff was alighting from a street-car, instructions to the jury examined and found to have correctly interpreted and applied certain provisions of the traffic ordinance of Los Angeles, where the injury was sustained.

ID.—REQUESTS FOR FURTHER INSTRUCTIONS.—In an action for damages, where the instructions to the jury given by the court had substantially embodied the defendant's theory of the case, and had, as a whole, fully and fairly informed the jury as to the legal rights and duties of the respective parties, it was not error to refuse the defendant's request for other instructions having the same purpose.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Haas & Dunnigan, for Appellants.

O'Melveny, Stevens & Milliken, and A. I. McCormick, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in plaintiff's favor in an action for damages for personal injuries alleged to have been sustained by plaintiff through being struck by the defendants' automobile while he was in the act of alighting from a street-car upon which he had been a passenger.   The street-car was proceeding westerly along West Eleventh Street, in the city of Los Angeles, on the evening of July 13, 1912, at about the hour of 6:30 o'clock. The automobile of which the defendant Karl M. Bonoff was the driver and the defendant D. Bonoff was the owner, and was also an occupant at the time of the accident, was proceeding westerly along the northerly side of said street.   As the street-car approached the intersection of West Eleventh Street and Bonnie Brae Street the plaintiff gave the signal

to stop and the car slowed down and stopped at said intersection. The plaintiff alighted and was about to cross to the northerly curb of Eleventh Street when he was struck by the defendants' automobile and severely injured. Immediately prior to the slowing down and stopping of the street-car the defendant's automobile had been driving alongside of the car on the proper side of the street and at a rate of speed variously estimated by the respective witnesses at from fifteen to twenty-five miles an hour. The width of the street at that point did not permit an automobile to pass at a distance from the running-board or lowest steps of the street-car equal to four feet while passing the same. The complaint alleged that the defendants' negligence consisted in the fact that they were violating the provisions of the traffic ordinance of the city of Los Angeles then in force in the manner and at the speed at which they were operating their automobile immediately before and at the time of plaintiff's injuries; and also alleged that the defendants were negligent in operating their said automobile in a careless manner and at an unlawful and dangerous rate of speed. These averments were denied in the defendants' answer and the cause proceeded to trial upon the issues thus framed. Upon the trial the defendants contended and offered some evidence to show that the street-car slowed and stopped with unusual suddenness and without warning to the occupants of the automobile, in consequence of which they were unable to check the speed of their machine in time to stop or to avoid the accident. There was evidence to the contrary upon these matters and the appellants do not seriously insist that upon the whole the evidence was insufficient to sustain the verdict.

The most important of the appellants' contentions is that the trial court was in error in giving certain instructions in which it undertook to consider and apply the terms of the traffic ordinance in question and in refusing to give certain other instructions requested by the defendants having the same purpose. The provisions of the traffic ordinance applicable to the situation read as follows:

"Sec. 22. The driver of any vehicle in or upon any street shall keep such vehicle at least four (4) feet from the running-board or lowest step of any street-car that shall have stopped or that is stopping for the purpose of taking on or discharging passengers; and if, by reason of the presence of

a vehicle or other obstruction at the place where such car shall have stopped or is stopping, or by reason of the narrowness of the street, it is not possible to preserve such distance of four (4) feet from such running-board or lowest step, as herein prescribed, then such driver shall cause such vehicle to be stopped until the passengers shall have been taken on or discharged from such car.

"Sec. 23.   It shall be unlawful for any person to ride, drive or propel, or to cause or permit to be ridden, driven or propelled, any vehicle at a rate of speed greater than four (4) miles per hour in passing any street-car or interurban car that is slowing down or standing still in any public street; provided, however, that the provisions of this section shall not apply to any vehicle that is traveling in a direction opposite to that in which the car passed by such vehicle is proceeding and at least ten feet distant from such car.

"Sec. 80.   Any person who shall ride, drive or propel, or who shall cause or permit to be ridden, driven or propelled any vehicle at a rate of speed greater than twenty (20) miles per hour and not greater than thirty (30) miles per hour, upon or along any street or portion of any street, in the city of Los Angeles, outside of the district described hereinbefore in this section, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punishable as in this section provided."

We have examined the instructions which the trial court gave with respect to the scope, effect, and application of the foregoing provisions of the ordinance and are entirely satisfied that they correctly interpreted and applied the same and that the appellants' criticism of these instructions as given have no substantial merit. We have also examined the instructions which the defendants requested and which the court gave in connection with those instructions which the defendants requested and which the court refused to give, and we find that the former embodied substantially the defendants' theory of the case and that the latter were sufficiently covered either by the instructions which the court had already given upon the plaintiff's request or upon its own motion, or by those which the court had given at the defendants' request. Taken as a whole, the instructions given by the trial court very fully and fairly informed the jury as to the legal rights and duties of the respective parties in the premises; while, on

the other hand, the defendants' instructions which the court refused to give are defective and misleading in respect to the terms and effect of the ordinance and in their assumption as to the facts of the case, and they were properly refused by the trial court. This applies particularly to those portions of the requested instructions which undertook to set forth the duty of the plaintiff in alighting from the car. The court had already generally instructed the jury upon this subject, and we are of the opinion that the defendants were in no wise prejudiced by the failure of the court to give defendants' requested instructions upon this branch of the case.

No other error being complained of, the judgment and order are affirmed.

Sloss, J., and Shaw, J., concurred.